(No. 18780.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES BROWN, Plaintiff in Error.

*Opinion filed October 25, 1928—Rehearing denied Dec. 7, 1928.*

WILLIAM C. SMITH, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

James Brown was indicted in the criminal court of Cook county on September 30, 1927. The indictment consisted of four counts. The first count charged defendant with assaulting Edward Klinger with intent to rob him. The second count charged defendant with assaulting Klinger with a deadly weapon, with intent to kill and murder him. The third count charged defendant with assaulting Klinger with a deadly weapon, a certain knife, with intent to inflict upon him a bodily injury, without any considerable provocation for the assault. The fourth count

charged defendant with assaulting Klinger with a certain sharp instrument, a further description of which was to the grand jurors unknown, the instrument being a dangerous and deadly weapon, the assault being committed under circumstances showing an abandoned and malignant heart, with intent to inflict on Klinger a bodily injury. At the November term of the criminal court defendant was arraigned and entered a plea of not guilty. Subsequently the plea was withdrawn, and at said November term the State waived the felony charge in the indictment, defendant pleaded not guilty, waived trial by jury, and upon a hearing by the court was found guilty. A motion for a new trial was allowed, and the abstract of the record shows defendant was tried again by a jury at the January term, 1928. The record as abstracted does not show the entry of any plea by defendant but that upon issues being joined a jury was empaneled and defendant tried. The verdict of the jury is: "We, the jury, find the defendant, James Brown, guilty in manner and form as charged in the indictment. And we further find from the evidence that the said defendant, James Brown, is now about the age of thirty years. Intent to rob." The court overruled motions in arrest and for a new trial and sentenced defendant to imprisonment in the penitentiary "for the crime, in manner and form as charged in the indictment, whereof he stands convicted." This writ of error is sued out to review the judgment.

Defendant assigns as error that he has not had a fair and impartial trial; that the court erred in giving instruction No. 4; that the verdict was not supported by the evidence and was not responsive to the issues; and that the court erred in not setting aside the verdict and granting a new trial. He assigned as error, also, that the court made improper remarks before the jury and that the State's attorney was guilty of improper conduct in the cross-examination, but in the brief it is not pointed out what remarks

the court made or wherein the State's attorney was guilty of improper conduct.

No instructions are set out in the abstract. The evidence is very imperfectly and meagerly abstracted. We infer from the abstract, although it is not so shown, that defendant, at the term he was convicted, pleaded not guilty to the four counts of the indictment. The verdict finds him guilty "in manner and form as charged in the indictment. * * * Intent to rob," and in his brief plaintiff in error says he was convicted of an assault with intent to commit robbery, under the first count of the indictment. The evidence in the bill of exceptions in the record covers ninety pages and is abstracted in five pages. The abstract contains marginal references to the record of pages 3 to 17, 24 and 25, 54 to 62, and 84. As abstracted the evidence is incomplete, incoherent, and gives no comprehensive or adequate understanding of the commission of the crime. The statement of the case and the briefs and argument of plaintiff in error contain seven pages, in which, among other things, it is asserted the evidence did not warrant the verdict finding defendant guilty of an assault with intent to rob. The brief of defendant in error contains six pages, in which the State says it is in no position to argue the sufficiency of the evidence, because the abstract does not show the evidence preserved therein is all the evidence heard on the trial. The abstract does not show that the evidence in the record is all the evidence heard on the trial, but we have turned to the record upon that question and find the record states it embraces all the evidence heard on the trial.

The case is very meagerly and imperfectly presented, but we are unable to discover any error which justifies a reversal of the judgment, and it is therefore affirmed.

*Judgment affirmed.*